**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4369**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JERRY WAYNE STEPHENSON, JR.,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:02-cr-00222-BO-l)

Submitted: December 3, 2008     Decided: December 29, 2008

Before TRAXLER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Wayne Stephenson, Jr., appeals his sentence of twelve months and one day imposed after the district court revoked his supervised release. We affirm.

On appeal, Stephenson argues that the sentence imposed is plainly unreasonable because it does not further the relevant 18 U.S.C. § 3553(a) (2006) factors, and that the district court erred by failing to explain adequately its imposition of a sentence outside the Guidelines range. Stephenson does not contest the district court's decision to revoke his supervised release or its Guidelines calculations. The Government responds that the district court's sentence is not unreasonable.

Because Stephenson did not object to the sentence or the district court's failure to articulate the reasoning, we review for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2005), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." We recognized that analysis of a sentence imposed on revocation of supervised release involves both procedural and substantive components. Id. at 438. Although the district court must consider the Chapter Seven policy statements and the requirements of 18 U.S.C. §§ 3553(a),

2

3583 (2006), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citation omitted). Although a sentencing court must provide a sufficient explanation of the sentence to allow "effective review of [its] reasonableness" on appeal, United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (probation revocation), the court need not "robotically tick through § 3553(a)'s every subsection," or "explicitly discuss every § 3353(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Our review of the record in this case leads us to conclude that the district court's reasons supporting its sentencing decision are sufficiently apparent from the record. We conclude that the sentence is neither procedurally nor substantively unreasonable. See United States v. Finley, 531 F.3d 288, 297 (4th Cir. 2008) (applying Gall v. United States, 128 S. Ct. 586, 597 (2007), in reviewing a sentence to determine if it is plainly unreasonable).

We therefore affirm Stephenson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3